326 So.2d 891 (1976)
Huey Henry BREAUX, Plaintiff,
v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Defendants.
No. 5350.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1976.
*892 Voorhies & Labbe by Patrick Juneau, Jr., Domengeaux & Wright by Bob F. Wright, Champagne & Colomb by Patrick L. Colomb, Pugh, Boudreaux & Gachassin by Charles J. Boudreaux, Lafayette, for defendant-appellant.
J. Winston Fontenot, Lafayette, Jacob Landry, Iberia Allen, Gooch & Bourgeois by. Raymond M. Allen, Lafayette, for defendant-appellee.
Davidson, Meaux, Onebane & Donohoe by John G. Torian, II, Lafayette, for plaintiff-appellee.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Defendant appellant Northbrook Insurance Company, as subrogee to claims of plaintiff Huey Henry Breaux, appeals a summary judgment dismissing its claim against defendant appellee Stuyvesant Insurance Company. Although the alleged malpractice of the architect, insured first by Stuyvesant and then by Northbrook, occurred during or before Stuyvesant's policy period, the trial court dismissed Northbrook's claim on finding no notice or claim was filed during Stuyvesant's coverage. We affirm.
Stuyvesant issued a professional liability insurance policy to architect B. Ray Champagne of Lafayette, Louisiana, covering the period January 31, 1973 through January 31, 1974. The policy was not renewed and Champagne obtained similar coverage with Northbrook for the period January 31, 1974 through January 31, 1975.
The occurrences giving rise to the lawsuit took place during or before Stuyvesant's policy period. Northbrook agrees no notice or report of the incident which gave rise to the malpractice claim was made during Stuyvesant's policy period.
The question to be decided is the extent of coverage afforded by Stuyvesant. The answer depends on whether Stuyvesant has a "discovery" or an "occurrence" type policy.
Northbrook contends coverage extends to an "occurrence." Northbrook argues coverage extends to all malpractice which occurred during the period or term of the policy. Northbrook interprets policy provisions in Stuyvesant's policy regarding "reporting" to have been inserted to protect Stuyvesant against prejudicial delay increasing their burden in defending the insured. Stuyvesant contends coverage is limited to those claims which are asserted against the insured and reported to the company within the policy period; i.e., those claims which are "discovered."
Stuyvesant's Coverage clause states: "The Company shall not be liable . . . for any claims reported after the termination date of this policy." Other provisions in the policy set limits of liability of $250,000 for "each claim, and in the aggregate to all claims discovered in the policy period." Paragraph 1 of the conditions of Stuyvesant's policy states "The limit of liability . . . as applicable `in the aggregate to all claims discovered during the policy period,' shall constitute the total limit of the Company's liability for all claims including claims expenses covered hereunder which are discovered and reported to the Company during the policy period. (Emphasis added.)
The plain intent of these clauses is to restrict Stuyvesant's liability to those claims discovered and reported during the policy period. Livingston Par. Sch. Bd. v. Fireman's Fund Am. Ins. Co., 282 So.2d 478 (La.1972). Some reasonable extension of reporting time for last minute claims might be allowed.
Absent conflict with statute or public policy, insurers may be unambiguous *893 and clearly noticeable provisions limit liability and impose such reasonable conditions as they wish upon the obligations they assume by contract. Livingston, supra. In these circumstances, unambiguous provisions limiting liability must be given effect. Snell v. Stein, 261 La. 358, 259 So.2d 876, 878 (1972).
In Livingston, supra, the Supreme Court interpreted a "claims made" clause as creating a limitation in coverage. We follow the rationale of that case. The only distinction between policy provisions there and here is that Stuyvesant's policy refers to "claims reported." The difference is immaterial since this claim was neither made nor reported until after Stuyvesant's policy expired.
We fail to find manifest error in the trial court's conclusion that Stuyvesant's policy is a "discovery" policy rather than an "occurrence" policy. Finding no issue of material fact, the summary judgment was properly granted. Costs of this appeal are taxed to appellant Northbrook Insurance Company.

Affirmed.