340 So.2d 1282 (1977)
Raymond PRIETO, Jr., Appellant,
v.
RESERVE INSURANCE COMPANY, Appellee.
No. 75-2000.
District Court of Appeal of Florida, Third District.
January 4, 1977.
Richard Kanner, Miami, for appellant.
*1283 Stephens & Schwartz and Jonathon P. Lynn, Miami, for appellee.
Before HENDRY, C.J., and BARKDULL and NATHAN, JJ.
PER CURIAM.
This is an action for a declaratory decree as to coverage under an insurance policy. Raymond Prieto, Jr., plaintiff-insured, takes this appeal from an adverse final judgment on the pleadings, denying coverage to him under a policy of contractors general liability insurance issued by defendant, Reserve Insurance Company. A second defendant, the Continental Insurance Company is not a party to this appeal.
This action stems from the collapse on August 8, 1974, of a building located in Miami, following which numerous wrongful death and personal injury lawsuits were filed. Prieto was named as a defendant in each of those suits. The allegations in the complaints concerning Prieto were that the collapse of the building and the resultant deaths and injuries were caused by negligent and unworkmanlike construction performed by Prieto, a licensed contractor, when he performed services in his capacity as a contractor on the building in 1971.
Reserve denied coverage under the policy of contractors general liability insurance issued to Prieto, claiming that the accident occurred outside the policy period, in that the policy commenced on July 8, 1969, and terminated on July 8, 1974. Based on Reserve's denial of coverage, Prieto filed this complaint for declaratory relief, asserting that he is entitled to coverage under the policy in question. Reserve filed an answer denying coverage, and then moved for a judgment on the pleadings. Pursuant to the motion, the trial court entered a final judgment for Reserve, denying coverage for the damages arising out of the collapse of the building on August 8, 1974.
In this appeal, Prieto contends that the fact that the collapse occurred subsequent to the date of the termination of the policy does not change the fact that it stemmed from an occurrence which took place during existence of the policy, and thus, is covered by it. Prieto's argument is that the occurrence was the negligence, if any, in the construction repairs or work done on the building in 1971, and that this was the cause of the dangerous condition resulting in deaths and injuries in the 1974 collapse. Prieto alleges that he obtained the policy of contractors general liability insurance in order to comply with Section 10-19 of the Dade County Metropolitan Code, which provides that all contractors holding certificates of competency shall maintain at all times, public liability insurance for bodily injury and property damage.
By its terms, the policy issued by Reserve provided coverage for an occurrence, which is defined therein as "an accident ... which results during the policy period in bodily injury or property damage..." We are unable to agree with Prieto's contention that the occurrence in this case was the negligence, if any, in the construction work. We hold, based on the language of the insurance policy, that the "accident" in this case was the collapse of the building, and that it took place after the termination of the policy period. Therefore, the trial court did not err in entering final judgment on the pleadings in favor of defendant Reserve.
Affirmed.