350 So.2d 570 (1977)
RANGER INSURANCE COMPANY and George Franklin Jakes, Appellants,
v.
UNITED STATES FIRE INSURANCE COMPANY, Appellee.
No. 76-1668.
District Court of Appeal of Florida, Third District.
October 11, 1977.
*571 Talburt, Kubicki & Bradley, Jeanne Heyward, Knight, Peters, Pickle, Niemoeller & Flynn and Joseph W. Downs III, Miami, for appellants.
Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara and Richard A. Sherman, Miami, for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
NATHAN, Judge.
Ranger Insurance Co., and George Franklin Jakes, defendants in the trial court, appeal from a summary final judgment construing an insurance policy in favor of United States Fire Insurance Company, defendant and cross-defendant, in an action for damages stemming from an airplane crash.
The record reflects that in 1972, four doctors joined together to purchase an airplane. The doctors contacted George Franklin Jakes, an independent aviation insurance agent employed by the firm of T.C. Roberts & Associates, to obtain liability insurance coverage for the aircraft. After contacting Jakes, the doctors formed a corporation, Performance Aircraft, Inc., which would own and operate the plane. The change in ownership from the doctors to the corporation was reported by Jakes to the insurance brokerage firm from which a policy of liability coverage for the plane was obtained with Ranger Insurance, Inc., in March of 1972. The policy issued by Ranger contained an endorsement providing in pertinent part:
"ADDITIONAL EXCLUSIONS ENDORSEMENT
IN CONSIDERATION OF THE REDUCED PREMIUM CHARGED IT IS AGREED THAT THE POLICY IS AMENDED TO INCLUDE THE FOLLOWING ADDITIONAL EXCLUSIONS:
11. Under coverages C and D to injury to or destruction of property, including the loss of use thereof, belonging to (the four doctors) or any member of their immediate families.
12. Under coverages A, B and D to bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by (the four doctors) or any member of their immediate families."
On September 27, 1972, two of the doctors and their wives were on an evening flight when the plane crashed killing both doctors and injuring one of the wives. As a result of the crash, in December of 1973, suit was brought by the injured wife against Performance Aircraft, Inc., and Ranger Insurance. Ranger initially denied coverage to Performance, but later settled the claims which had been filed against Performance. Cross-claims were filed by Ranger against Jakes and T.C. Roberts & Associates, and by Performance against Ranger, Jakes and Roberts & Associates, alleging numerous causes of action, including breach of contract, fraudulent concealment, breach of fiduciary duty and Jakes' negligence in failing to advise the doctors of the endorsement excluding themselves and their families from coverage. Performance contended that the doctors sought "the broadest coverage available for the aircraft" and that they were never advised by Jakes or Roberts & Associates, that there were "purported exclusions and restrictions" on the policy. Ranger filed a motion to join as a defendant, United States Fire Insurance Company, Jakes' liability insurer, which motion was granted by the court because it appeared that in November of 1973, Jakes took out an errors and omissions policy with U.S. Fire, covering himself in *572 his professional capacity as an insurance agent.
U.S. Fire filed a motion for summary judgment together with a copy of the U.S. Fire policy issued to Jakes, and an affidavit of one of its claims managers, stating that the policy in question, issued in November of 1973, did not provide coverage on the date of the aircraft accident, which was in September of 1972. Summary final judgment was entered in favor of U.S. Fire, whereupon Ranger and Jakes took this appeal, alleging that the U.S. Fire policy is ambiguous and subject to a reasonable interpretation that coverage is provided on the alleged acts or omissions of Jakes prior to its issuance, thereby precluding entry of a summary judgment.
The question, then, for our determination, is whether the U.S. Fire errors and omissions policy issued to Jakes in November, 1973, could be interpreted to provide Jakes with coverage when the crash occurred in 1972, and suit was filed in December, 1973. In deciding whether the policy can be so interpreted to cover Jakes against the claim that he negligently failed to advise the doctors that the policy issued to Performance by Ranger excluded coverage of the doctors themselves and their families, we must look to the terms of Jakes' policy.
The pertinent provisions of the errors and omissions policy issued by U.S. Fire to Jakes are as follows:
"POLICY PERIOD, TERRITORY 
This policy applies only to occurrences happening anywhere during the policy period." (emphasis supplied)
"CONDITIONS
(D)(d) Occurrence. With respect to Coverage 1(a) [personal injury liability] and 1(b) [property damage liability] "occurrence" means either an accident happening during the policy period or a continuous or repeated exposure to conditions which unexpectedly and unintentionally causes injury to persons or tangible property during the policy period... ."
In another section, entitled "Professional Liability Endorsement," it is stated:
"It is agreed that this policy applies to liability arising out of the performance of professional services for others by the named insured in the capacity as a(n) insurance agent and caused by any negligent act, error or omission of the named insured or any person employed by the named insured, or of any other person for whose acts the named insured is legally liable."
Both appellants, Jakes and Ranger, contend that the U.S. Fire policy is ambiguous for the reason that although the term occurrence is defined under the policy conditions, as recited above, the professional liability endorsement, also recited above, does not use the term occurrence; rather it refers to "liability arising out of the performance of professional services." It is our opinion, however, that this matter depends primarily upon whether the policy in question is, by its terms, a "discovery policy" or an "occurrence policy."
As explained in Samuel N. Zarpas, Inc. v. Morrow, 215 F. Supp. 887, 888 (D.N.J. 1963), a discovery policy is one wherein the coverage is effective if the negligent or omitted act is discovered and brought to the attention of the insurance company during the policy period no matter when the act or omission occurred; an occurrence policy is one wherein the coverage is effective if the negligent act or omission occurs during the policy period, regardless of the date of discovery. Accord: J.M. Brown Construction Company v. D & M Mechanical Contractors, Inc., 222 So.2d 93, 95 (La. App. 1st Cir.1969). In the Zarpas case, the court found that the policy involved was a discovery policy. The policy contained a clause that it covered claims "which may be made" during the period of the policy, which language implied discovery during the period, rather than occurrence.
In a further discussion of the distinctions between the two types of policies, it is stated in Rotwein v. General Accident Group, 103 N.J. Super. 406, 247 A.2d 370, 377 (1968) that,

*573 "... `discovery' policies permit recovery for any errors or omissions (regardless of whether occurring during the policy period) as long as the claim is made during the policy period. `Occurrence' policies, on the other hand, permit recovery for errors or omissions (provided they occur during the policy period) regardless of when the claim is made. It is apparent that both types of policies have as their distinctive features an expanded coverage which protects against liability which may follow long after actual performance of professional services."
We hold that the policy in the instant case is not ambiguous, and that by the terms thereof, is an occurrence policy. Compare Prieto v. Reserve Insurance Company, 340 So.2d 1282 (Fla. 3d DCA 1977). Moreover, from the cases cited above, it is made clear that discovery policies contain specific language such as "claims made," "receipt of notice from any person of an intention to hold the Assured responsible," or "shall become aware." These terms, or others of similar meaning, are absent from this policy.
For the foregoing reasons, we hold that the policy in question is an occurrence policy. Therefore, the summary final judgment in favor of U.S. Fire is affirmed.
Affirmed.