366 So.2d 1199 (1979)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
C.J. GAYFER'S AND CO., INC., et al., Appellees.
No. KK-353.
District Court of Appeal of Florida, First District.
January 16, 1979.
*1200 K. Jeffrey Reynolds of Beggs & Lane, Pensacola, for appellant.
Charles A. Schuster of Fisher, Bell, Hahn, Winn & Ptomey, and James M. Wilson, Pensacola, for appellees.
SMITH, Judge.
An interlocutory appeal from a partial final summary judgment on a question of liability insurance coverage. Travelers issued a policy of liability insurance to a plumbing contractor. While the policy was in effect the contractor installed a roof drainage system in the attic of Gayfer's Pensacola store. After the policy expired, a joint in the drainage system failed, discharging rain water into the store. Gayfer's filed suit against the contractor under various theories of negligence and implied warranty to recover for property damaged by the leakage and for loss of use of undamaged property left idle when the store was closed for a day following the drainage system failure. Gayfer's joined Travelers as the contractor's liability insurer.
The policy Travelers issued to the contractor is similar to other widely used forms of contractor's public liability insurance contracts. See 1 Long, The Law of Liability Insurance, Section 10.02 et seq. (1966). The insured may purchase liability coverage for a wide range of situations and activities, specified in the body of the policy and referred to as "hazards." Each requires payment of a separate premium. These include: "Premises  Operations", "Elevators", "Independent Contractors", "Completed Operations", and "Products." For the coverages selected, the policy recites that:
"Travelers will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this section applies, caused by an occurrence... ."
The face of Travelers' policy shows that the plumbing contractor purchased "Premises  Operations" and "Completed Operations" coverages. The "Premises  Operations" option affords the contractor coverage for liability arising out of his ongoing business operations. "Completed Operations", on the other hand, provides coverage for liability arising out of completed or abandoned operations. Completed operations liability insurance for a contractor is the counterpart of products liability insurance for a manufacturer. The need for such insurance arose as courts increasingly recognized a contractor's tort liability for injury or damage caused by the contractor's negligence in performing a job, but occurring after the work has been completed. See Long, supra, at Section 11-07; New Amsterdam Casualty Co. v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964); Nielson v. Travelers Indemnity Co., 174 F. Supp. 648 (N.D.Iowa 1959), affirmed, 277 F.2d 455 (8th Cir.1959). The parties here agree that the drainage system was a completed operation of the contractor and that Gayfer's damages are covered, if at all, under the policy's completed operations coverage.
The parties also agree that the Travelers policy expired, by its own terms, about three months before the drainage system failed. The issue here, as before the trial court, is whether the completed operations coverage described in the Travelers policy is ambiguous and should be construed to obligate Travelers to indemnify the contractor *1201 for property damage which occurred after the policy expired. Both Travelers and Gayfer's filed motions for summary judgment in the trial court. Travelers urged that the policy clearly informs the insured that covered property damage must occur while the policy is in force. Gayfer's argued that although the policy is intended to be read as Travelers described, it is ambiguous, and an insured could reasonably conclude that completed operations coverage applies to damage occurring at any time after an operation is completed, regardless of whether the policy has expired. The trial court, without explanation, denied Travelers' motion and granted Gayfer's motion, thus holding that Travelers is obligated to indemnify the insured contractor, to the limits provided in the insurance contract, for any liability to Gayfer's. We reverse.
A contract of insurance prepared and phrased by the insurer will be construed liberally in favor of the insured and strictly against the insurer. Where two interpretations may fairly be made, the one allowing the greater coverage will prevail. New Amsterdam Cas. Co. v. Addison, supra, at 881. But we recognize also that insurance contracts are complex instruments and that "ambiguity is not invariably present when analysis is necessary to interpret the policy." Blue Shield of Florida, Inc. v. Woodlief, 359 So.2d 883 (Fla. 1st DCA 1978). Gayfer's urges that the policy is ambiguous in two respects: first, because the only notice that covered property damage must occur during the policy period is found in the policy's definition of "property damage";[1] and, second, that the definition of "property damage" may itself be fairly read as extending coverage when the causative negligence occurs within the policy period though that negligence is not manifest until damage occurs beyond the policy period.
Gayfer's first argument is that the policy's definition of "completed operations"[2] defines the liability coverage for property damage or bodily injury arising out of a completed project without specifying when the damage or injury must occur, and that the qualification placed in the definition of "property damage" is hidden and too remotely located to limit the scope of the completed operations coverage.
We do not agree. The definition of completed operations does not mislead; it is simply silent as to the period of coverage. Insurance contracts commonly provide coverage for a specified period of time. An insured would expect to find a time limitation expressed in the policy, and would not reasonably assume, after reading only the completed operations definition, that he could cease paying premiums but enjoy completed operations coverage indefinitely. And when the insured reads the entire Travelers policy, the definition of property damage clearly advises that covered damage must "occur during the policy period," or be "caused by an occurrence during the policy period."
As to Gayfer's second point, that the "property damage" time limitation is itself ambiguous, we find that the definition's reference to "loss of use ... caused by an occurrence during the policy period" is not ambiguous. An ambiguity *1202 arises when more than one interpretation "may fairly be given" to a policy provision. New Amsterdam Cas. Co. v. Addison, supra at 881. The interpretation Gayfer's urges is, rather, a strained reading of the definition. The definition delineates two categories of covered damages: (1) "physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom", and (2) "loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period." Gayfer's argues that since the loss of use specified in the second category could occur after the policy expires, and does not require antecedent "physical injury", an insured could reasonably claim coverage for liability on account of a loss of use when the only "occurrence during the policy period" was the insured's negligent act.
We find, to the contrary, that the phrase "caused by an occurrence" informs the insured that an identifiable event other than the causative negligence must take place during the policy period. The term "occurrence" is commonly understood to mean the event in which negligence manifests itself in property damage or bodily injury, and it is used in that sense here. Prieto v. Reserve Ins. Co., 340 So.2d 1282 (Fla. 3d DCA 1977); New Amsterdam Cas. Co. v. Addison, supra, at 886. The Travelers policy defines occurrence, consistent with the common meaning, as:
an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.
The definition of property damage is intended to broaden the policy's coverage with respect to loss of use by providing coverage when, as a result of an occurrence in the nature of an accident, tangible property is rendered useless but not physically injured or destroyed. 3 Long, The Law of Liability Insurance, Appendix B, Section 6, at App. 38 (1978). If there was such an occurrence during the policy period, liability coverage is provided though there was no injury as such to property and the ensuing loss of its use did not commence within the policy period. This coverage cannot reasonably be extended to include liability for the consequences of an occurrence beyond the policy period. The Travelers policy is typically complex, but it is not ambiguous.
The summary judgment for Gayfer's is REVERSED and the cause is REMANDED with instructions to entry summary judgment for Travelers Insurance Company.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] The policy defines property damage as follows:

(c) Property Damage  The term "property damage" means the physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.
[2] The policy defines completed operations, in pertinent part, as follows:

(2) the term "completed operations hazard" includes bodily injury and property damage arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the Named Insured. "Operations" include materials, parts or equipment furnished in connection therewith... .