385 So.2d 692 (1980)
BILL BINKO CHRYSLER-PLYMOUTH, INC., a Florida Corporation, Appellant,
v.
COMPASS INSURANCE COMPANY, INC., a Foreign Corporation, Appellee.
No. 79-711.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
John L. Britton of Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz, Miami, for appellant.
*693 William D. Ricker, Jr. of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant, Bill Binko Chrysler-Plymouth, Inc., sued appellee, Compass Insurance Company, Inc., for declaratory judgment to determine coverage under an insurance policy issued to Binko by Compass. From a final judgment in favor of Compass Binko perfected this plenary appeal.
Bill Binko is a retail automobile dealer located in Broward County. In the course of its business Binko obtained a liability insurance policy for the period January 1, 1976, through January 1, 1977, issued by Compass. During the policy period Binko sold a 1976 Plymouth Volare to Jack E. Wolmer. In September 1977 the Plymouth was involved in a collision in which Wolmer's wife, Mary, was killed. In January 1978 Mary's estate filed a wrongful death action against Binko and others, claiming negligence, breach of express and implied warranties, and strict liability in tort. Compass denied coverage on the grounds its policy had expired at the time of the accident, and thus Compass was not required to provide a defense for Binko.
Binko contends that its policy is an "occurrence policy." That type of policy has been defined as one wherein the coverage is effective if the negligent act or omission occurs during the policy period, regardless of the date of discovery. Ranger Ins. Co. v. United States Fire Ins. Co., 350 So.2d 570 (Fla. 3d DCA 1977). In support of that contention appellant points to the following definition found in Part II  Policy Provisions:
OCCURRENCE means an accident including continuous and repeated exposure to conditions which result in BODILY INJURY or PROPERTY DAMAGE neither expected nor intended from the standpoint of the INSURED;
* * * * * *
"PRODUCTS HAZARD" includes BODILY INJURY and PROPERTY DAMAGE arising out of the NAMED INSURED'S PRODUCTS or reliance upon a representation or warranty made at any time with respect thereto, but only if the BODILY INJURY or PROPERTY DAMAGE occurs away from premises owned by or rented to the NAMED INSURED and after physical possession of such product has been relinquished to others;
* * * * * *
It is appellant's position that the negligent act or omission, if any, charged in the wrongful death claim occurred during the policy period; thus, under an occurrence policy appellant would be covered by the contract.
At first blush appellant's argument seems plausible. However, a more analytical examination of the policy in question makes it clear that the contract is not an occurrence policy but, rather, a "discovery policy." The latter type policy is defined in Ranger, supra, as one wherein the coverage is effective if the act insured against is discovered and brought to the attention of the insurance company during the policy period, no matter when the act or omission occurred. Appellee refers us to the policy definition of the term "bodily injury" which was used in the definition of "occurrence" as indicating that this is a discovery policy rather than an occurrence policy. That definition is:
BODILY INJURY means BODILY INJURY, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.
Another indication that this is a discovery policy is found in Section VI  POLICY PERIOD; TERRITORY, which provides:
This insurance applies only to BODILY INJURY, PROPERTY DAMAGE or LOSS which occurs during the policy period within the territory described in paragraph (1) or (2) of the definition of POLICY TERRITORY.
If we substitute the policy definition of the term "BODILY INJURY" where that term appears in the above quoted policy provision that defines the term "OCCURRENCE," we wind up with the following meaning of "OCCURRENCE":

*694 "Occurrence" means an accident including continuous and repeated exposure to conditions which result in bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom, or Property damage ...
Thus, regardless of whether the policy be characterized as an occurrence or discovery policy, the terms of this contract make it clear that the obligation undertaken by the carrier is to insure against a death occurring during the policy period. Mary Wolmer's accident and death, the occurrence in this case, took place after the expiration date of the policy; thus, the trial judge was correct in entering judgment for the appellee. See: Prieto v. Reserve Insurance Company, 340 So.2d 1282 (Fla. 3d DCA 1977).
AFFIRMED.
HERSEY, J., concurs.
GLICKSTEIN, J., concurs in result.