457 So.2d 512 (1984)
AETNA INSURANCE COMPANY, Appellant,
v.
STATE FARM FIRE & CASUALTY COMPANY, As Subrogee of Larry B. Elmore and Eva H. Elmore, His Wife, Appellee.
No. AS-484.
District Court of Appeal of Florida, First District.
September 13, 1984.
Rehearing Denied October 29, 1984.
Wm. M. Howell of Howell, Liles, Braddock & Milton, Jacksonville, for appellant.
Harris Brown and Jerry J. Waxman of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellee.
SHIVERS, Judge.
Appellant, Aetna Insurance Company, appeals from a final judgment in favor of appellee, State Farm Fire & Casualty Company, and asserts that the trial court erred in granting partial summary judgment on the issue of liability insurance coverage. We agree and remand.
Aetna issued a policy of liability insurance to a building contractor. While the policy was in effect, the contractor built a house including a fireplace and chimney. After the policy expired, the house was destroyed by a fire allegedly caused by the contractor's negligent installation of the *513 fireplace and chimney. State Farm was subrogated to the homeowner's claim against the contractor after paying for the fire loss and brought suit against the contractor joining Aetna as the liability insurer.
In response to a request for admission, Aetna admitted that the insurance forms attached to the request were a correct copy of the provisions of the liability insurance policy it had issued to the contractor.[1] The policy jacket containing definitions and conditions was not attached.[2] Prior to the hearing on appellee's motion for summary judgment, Aetna filed with the court the policy jacket applicable to the year the policy was in effect. The trial court granted appellee's motion finding that the policy does provide coverage to the insured contractor.
There is a genuine issue of material fact as to what documents constituted the insurance contract between Aetna and the building contractor. If on remand the policy jacket is found to have been a part of the insurance contract, there would be no coverage under either the general liability provisions or completed operations provisions since the definition of "property damage" specifically requires occurrence during the policy period; see Travelers Insurance Company v. C.J. Gayfer's & Co., 366 So.2d 1199 (Fla. 1st DCA 1979); Bill Binko Chrysler-Plymouth v. Compass Insurance Co., 385 So.2d 692 (Fla. 4th DCA 1980); Prieto v. Reserve Insurance Company, 340 So.2d 1282 (Fla. 3d DCA 1977); but if not, there would be coverage.
REVERSED and REMANDED.
THOMPSON and ZEHMER, JJ., concur.
NOTES
[1] The liability portion of the policy reads in its material part as follows:

1. COVERAGE A  BODILY INJURY LIABILITY
COVERAGE B  PROPERTY DAMAGE LIABILITY
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. bodily injury or
B. property damage
to which this insurance applies, caused by an occurrence... .
[2] Property damage is defined in the jacket as follows:

"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period;