PER CURIAM.
This cause is before us on appeal from a nonfinal order entered pursuant to Rule 9.130(a)(3)(C), Florida Rules of Appellate Procedure, granting summary judgment in favor of R.N. Pyle Mechanical Contractors, Inc. (Pyle) on the issue of liability in a suit on an “umbrella” policy issued by Morrison Assurance Company (Morrison). We affirm.
Morrison has raised two issues: (1) whether the trial court erred in determining that Pyle’s loss was covered under the umbrella policy due to the alleged ambiguity in the underlying insurance policy; and (2) whether the trial court erred by failing to apply specific exclusions contained in the umbrella policy.
Briefly, the facts are that Pyle was required to pay Gulf Power Company for damage to a “chiller” which it was installing at the Crist Electric Generating Plant in Escambia County. During installation, the chiller was damaged due to Pyle’s negligence, and Pyle was contractually obligated to safeguard the chiller and pay for any damages. At the time the chiller was damaged, Pyle had an insurance policy issued by United States Fidelity and Guaranty Company (the underlying policy) and a policy of insurance issued by Morrison (the umbrella policy).
On issue one, we agree with the trial court’s determination that language in the underlying policy was ambiguous and with the application of the general rule that an insurance contract prepared and drafted by an insurer will be construed liberally in favor of the insured and strictly against the insurer. Travelers Insurance Company v. C.J. Gayfers and Company, Inc., 366 So.2d 1199 (Fla. 1st DCA 1979).
Regarding issue two, appellant contends that the umbrella policy operates indepen *488 dently of the underlying policy and excludes coverage. The trial court, however, ruled that contractual liability for damage to the chiller was not excluded by the umbrella policy and that the intent of that policy was to provide excess coverage for losses or damage covered by the underlying policy.
Both parties agree that Pyle’s claim against the insurer is based on Pyle’s contractual assumption of liability for damages to property owned by Gulf Power. Threading this and other essentially undisputed facts through the maze of coverages and exclusions, we find no error in the trial court’s interpretation and determination that coverage is afforded by the umbrella policy.
AFFIRMED.
BOOTH, C.J., and ERVIN and THOMPSON, JJ., concur.