SHARP, Judge,
dissenting.
I respectfully dissent. Initially I agreed with the theory adopted by the majority that an insurer who has issued an expired policy is not asserting a “coverage defense” when it points out absence of coverage for the mishap, and therefore no duty exists to comply with section 627.426(2) of the Insurance Code.[1] However, section 627.426(2) does not define what the legislature meant by “coverage defense,” and in looking at the body of insurance law, “coverage” is used in such a broad, all-encompassing manner, that I fear exclusion in this case will render section 627.426(2) meaningless. In New York a similar statute[2] has been rendered meaningless in case-by-case exclusions.
The language of the two insurance policies in this case is not ambiguous, and pursuant to interpretations given similar insurance policies in Florida, American’s policy, and not USF & G’s, covers this accident. Both are “claims-made” (also referred to as “discovery”) policies, which provide coverage “if the negligent or omitted act is discovered or brought to the attention of the insurer within the policy term.” (Emphasis added.) They are the opposite from “occurrence policies” where “coverage is effective if the negligent act *626 or omission occurs within the policy period, regardless of the date of discovery or the date the claim is made or asserted.”[3] (Emphasis added.)
Coverage for claims-made policies exists if an accident happens while the policy is in effect, without regard to when the negligent act which caused the accident took place.[4] Most contractors’ comprehensive liability policies are of the claims-made type, effective for accidents which happen during the effective dates of the policy.[5] Accordingly, but for section 627.426(2), American’s policy would cover this accident because it was in effect when the negligence was discovered; whereas USF & G’s policy would not provide coverage because that policy was in effect when the negligent act occurred.
The difficult issue in this case is to determine whether section 627.426(2) has the effect of creating coverage for Adolf under USF & G’s expired liability policy. Faced with a similar, although much more general statute in New York which requires insurance companies to timely disclaim coverage,[6] the courts in that state have held that the statute does impose liability where the insurance company seeks to avoid coverage because of a breach of a condition in the policy by the insured, or because of the application of an exclusion.[7]
However where the coverage of the policy does not attach, either because no contract of insurance was made with the person and for the vehicles involved, or where the policy had been terminated by act of the insured or cancellation by the insurer, there is no duty to disclaim.[8] The rationale for the New York court’s view of their insurer disclaimer statute is a species of waiver or estoppel. Since these doctrines are not a sufficient legal basis to create or extend coverage, the reasoning is that neither can the statute create or extend coverage.[9]
To hold otherwise and apply the doctrine of waiver in such circumstances would improperly create coverage where none exists, contrary to well-established law in this state.
Aetna Casualty, at 912.
A similar rule of law regarding estoppel and waiver is existent in this state.[10]
... the doctrine of waiver and estoppel based upon the conduct or action of the insurer (or his agent) is not applicable to matters of coverage as distinguished from grounds for forfeiture. In other words, while an insurer may be estopped *627 by its conduct from seeking a forfeiture of a policy, the insurer’s coverage or restrictions on the coverage cannot be extended by the doctrine of waiver and estoppel.
Peninsular Life Ins. Co. v. Wade, 425 So.2d 1181 (Fla. 2d DCA 1983). This general rule is much easier to state than to apply, however, and there is disagreement about what constitutes a condition of forfeiture as opposed to a limitation of coverage,[11] and even whether or not estoppel can expand coverage.[12] If the whole body of case law regarding the effect of waiver and estoppel on insurance contracts were read into section 627.426(2), as apparently the New York courts have done, the result would be a severe reduction in its impact and reach.
Similarly, if “coverage defense” as used in section 627.426 is not very narrowly defined and limited in this state, this statute may also be rendered meaningless and ineffective. Almost every suit can be phrased as a problem of “coverage” since coverage under an insurance policy generally means the total sum of risks or hazards encompassed by a policy.[13] It may mean the definition of risks covered,[14] the application of an exclusion or condition,[15] or the definition in an endorsement.[16] Coverage can also mean resolving whether a policy is an “occurrence” or a “claims made” type, so as to determine if the accident or damage occurred during the effective period of that policy or another policy.[17] Although in the present case that determination is relatively simple and unambiguous, in other cases it has required extensive judicial interpretation.[18]
In Auto Owners Insurance Co. v. Salvia, 472 So.2d 486 (Fla. 5th DCA 1985), we held that an insurance company was precluded from asserting “any coverage defense” against an insured, because it failed to select and act upon one of the statutory alternatives set forth in section 627.426(2). The nature of the particular coverage defense sought to be asserted by Auto Owners in that case was not set forth in the opinion, but it did involve a liability policy for work performed during the insured’s business operations. We did not read into section 627.426(2) any exceptions for defenses without which coverage would be expanded.
Section 627.426(2) uses broad language to impose a duty on an insurer to respond to its insured within set time limits:
A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless: ...
As noted above, “coverage” is an all-encompassing word in insurance law. There is no indication in the statute that it only refers to defenses based on breach of conditions leading to forfeiture, or operation of an exclusion. The staff report to section 627.426(2) explained that “this section treats waiver of forfeiture and coverage defense the same and establishes time limits in lieu of the insured having to prove prejudice. The statute, in essence, provides that the failure to meet the established time limits is sufficient in itself to prohibit denial of coverage.” (Emphasis added.)
*628 In this case, the insurer, USF & G issued a policy to Adolf which covered the type of accident which occurred to Huddleston. The policy is not ambiguous, and the defense of no coverage because the accident happened outside the time period covered by the policy would have been readily available to USF & G. However, because USF & G did not comply with the responses mandated by section 627.426(1), the statute decrees it cannot assert this defense.[19] Where a statute is clear and unambigous, we must give it its full impact and effect. Holly v. Auld, 450 So.2d 217, 219 (Fla.1984); American Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968). Questions of “coverage” encompass the full panoply of possible reasons why an issued policy does not encompass a particular loss. If the Legislature intended a less onerous interpretation, it is for them to define a more limited meaning of “a particular coverage defense.” I would affirm.

.Section 627.426(2) provides:
A liability insurer shall not be permitted to deny coverage based on a particular coverage defense unless:
(a) Within 30 days after the liability insurer knew or should have known of the coverage defense, written notice of reservation of rights to assert a coverage defense is given to the named insured by registered or certified mail sent to the last known address of the insured or by hand delivery; and
(b) Within 60 days of compliance with (a) or receipt of a summons and complaint naming the insured as a defendant, whichever is later, but in no case later than 30 days before trial, the insurer:
1. Gives written notice to the named insured by registered or certified mail of its refusal to defend the insured;
2. Obtains from the insured a non waiver agreement following full disclosure of the specific facts and policy provisions upon which the coverage defense is asserted and the duties, obligations, and liabilities of the insurer during and following the pendency of the subject litigation; or
3. Retains independent counsel which is mutually agreeable to the parties. Reasonable fees for the counsel may be agreed upon between the parties or, if no agreement is reached, shall be set by the court. (Emphasis added).

. McKinney’s Insurance Law, § 167, Subd. 8.

. Gulf Ins. Co. v. Dolan, Fertig & Curtis, 433 So.2d 512, 514 (Fla.1983).

. See Bill Binko Chrysler-Plymouth, Inc. v. Compass Ins. Co., Inc., 385 So.2d 692 (Fla. 4th DCA 1980); Aetna Ins. Co. v. State Farm Fire & Casualty Co., 457 So.2d 512 (Fla. 1st DCA 1984) rev. denied, 462 So.2d 1108 (Fla.1985); Prieto v. Reserve Ins. Co., 340 So.2d 1282 (Fla. 3rd DCA 1977).

. Travelers Ins. Co. v. C.J. Gayfer’s & Co., Inc., 366 So.2d 1199 (Fla. 5th DCA 1979); New Amsterdam Casualty Co. v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964); Nielson v. Travelers Indem. Co., 174 F.Supp. 648 (N.D.Iowa 1959) aff'd, 277 F.2d 455 (8th Cir.1960); 7A Appleman Insurance (1979) §§ 4491.01, 4497, at 5, 121-22; 57 A.L. R.2d (1958) at 1385, 1387, 1389; 11 Couch on Insurance, (2d ed. 1982), § 44:8 at 193; but see Insurance, 43 Am.Jur.2d (1982) § 719 at 783.

. The New York statute provides:
If under a liability policy delivered or issues for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

. Zappone v. Home Ins. Co., 55 N.Y.2d 131, 447 N.Y.S.2d 911, 432 N.E.2d 783 (N.Y.1982).

. Aetna Casualty and Surety Co. v. Mari, 102 A.D.2d 772, 476 N.Y.S.2d 910, 912 (N.Y.A.D. 1984).

. See Albert J. Schiff Assocs., Inc. v. Flack, 51 N.Y.2d 692, 435 N.Y.S.2d 972, 417 N.E.2d 84 (N.Y.1980); Zappone v. Home Ins. Co., 55 N.Y.2d 131, 447 N.Y.S.2d 911, 432 N.E.2d 783 (N.Y.1982).

. See Starlite Services, Inc. v. Prudential Ins. Co. of America, 418 So.2d 305 (Fla. 5th DCA), rev. dismissed, 421 So.2d 518 (Fla.1982); Six L's Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560 (Fla. 4th DCA 1972), cert. discharged, decision adopted, 276 So.2d 37 (Fla.1973); 30 Fla.Jur.2d Insurance § 670.

. See 11 A.L.R.3d (1967) at 1146; 43 Am.Jur.2d § 465 at 528.

. See Crown Life Ins. Co. v. McBride, 472 So.2d 870 (Fla. 4th DCA 1985).

. See Seabaugh v. Sisk, 413 S.W.2d 602, 606 (Mo.1967) ("To deny coverage is to take the position that for some reason or other the policy does not encompass the particular accident.”); Gov’t Employees Ins. Co. v. Woods, 59 Wash.2d 173, 367 P.2d 21 (Wash.1961) (coverage is "the sum of the risks which an insurance policy covers.”).

. See Lamarche v. Shelby Mut. Ins. Co., 390 So.2d 325 (Fla.1980).

. See Miller Elec. Co. of Florida v. Employer’s Liab. Assurance Corp., 171 So.2d 40 (Fla. 1st DCA 1965).

. See Aetna Ins. Co. v. Stevens, 229 So.2d 601 (Fla. 2d DCA 1969).

. See New Amsterdam Casualty Co. v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964); Travelers Ins. Co. v. C.J. Gayfer’s & Co., Inc., 366 So.2d 1199 (Fla. 1st DCA 1979); Ranger Ins. Co. v. U.S. Fire Ins. Co., 350 So.2d 570 (Fla. 3rd DCA 1977).

. See New Amsterdam Casualty Co. v. Addison, 169 So.2d 877 (Fla. 2d DCA 1964).

. USF & G made no argument here or in the trial court that the statute or its application was unconstitutional and thus we do not reach such questions.