Joseph Liff, J.
Plaintiff, who was injured while a passenger in an automobile seeks a determination whether his remedy to recover damages for his injuries is as a qualified person against the Motor Vehicle Accident Indemnification Corporation or against the owner of the vehicle and her insurer, Empire Mutual Insurance Company.
The insurer admits the issuance of the policy insuring the owner against ‘ ‘ legal liability incurred by her in connection with the permissive use of said automobile in 1963 ” but alleging that the vehicle was operated without the owner’s permission, has denied coverage. Julia Klein, the owner of the vehicle and Samuel Klein, her husband, to whom the vehicle had been entrusted prior to the accident, have not been joined as parties defendant. However, they testified at the trial.
The court finds that the plaintiff was a passenger in the vehicle owned by Julia Klein, which had been entrusted to Samuel Klein, and which had been stolen prior to the time when plaintiff was injured; that at the time Julia Klein had been insured by the defendant Empire. The Legislature gave a right of action against the owner to one injured in person or property as the result of negligence in the use or operation of a motor vehicle. Whether or not the vehicle was operated by the owner or being used in his business at the time was of no consequence so long as it was being operated with his permission, express or implied. This was a new remedy which had not theretofore existed (Vehicle and Traffic Law, § 388 [formerly Vehicle and Traffic Law, § 59]; Naso v. Lafata, 4 N Y 2d 585). Since it changed the common-law rule, it must be strictly construed (McKinney’s Cons. Laws of N. Y., Statutes, § 301; Hanley v. Albano, 20 A D 2d 644).
The Legislature,, in enacting the Financial Security Act stated as its declared purpose (Vehicle and Traffic Law, § 310, subd. [2] ) that it was concerned “ over the rising toll of motor vehicle accidents and the suffering and loss thereby inflicted” and that ‘ ‘ motorists shall be financially able to respond in damages for their negligent acts ’ ’. Therefore it required (Vehi *895 ele and Traffic Law, § 311, subd. 4, par. [a]) each motor vehicle to be insured in a minimum sum for injuries done to others and that the policy should insure ‘ ‘ against loss from the liability imposed by law for damages * * * arising out of the ownership, maintenance, use, or operation of a specific motor vehicle ”. The “ liability imposed by law ” was for the negligent acts of the owner or of another operator to whom the vehicle was entrusted by the owner (§ 388).
Motor Vehicle Accident Indemnification Corporation urges that both it and the plaintiff are prejudiced by a late disclaimer by Empire and points to subdivision 8 of section 167 of the Insurance Law, to support its argument. As we see it, that provision has no application to the facts here. It is intended and it has been construed to apply to those situations where the disclaimer is made because of a lack of co-operation by the insured or a similar reason or a denial of coverage, as for instance that the policy had been canceled or that the loss suffered by a claimant was outside the coverage of the policy. We are not considering here a claim of lack of co-operation as in Thrasher v. United States Liab. Ins. Co. (19 N Y 2d 159) and holding here as we do that Spinella is not covered by Empire’s policy does not frustrate the declared policy of the State that innocent victims be recompensed for injuries inflicted upon them through the negligence acts of others in the operation of an automobile (cf. Thrasher v. United States Liab. Ins. Co., supra, p. 168).
Motor Vehicle Accident Indemnification Corporation’s claim that Empire was obliged to forward a written notice of disclaimer pursuant to subdivision 8 of section 167 of the Insurance Law must be rejected and there is no support for that assertion in Appell v. Liberty Mut. Ins. Co. (22 A D 2d 906) and cases like it where the disclaimer is made because of the failure of the insured to co-operate. To interpret subdivision 8 of section 167 as applying to the situation here would be to impose a liability beyond that which was contemplated by the Legislature in enacting the financial responsibility statutes. There can be no prejudice by virtue of a late disclaimer where there was never any obligation assumed under the policy.
Accordingly, judgment may be entered for Spinella declaring that his remedies lie against the defendant Motor Vehicle Accident and Indemnification Corporation and judgment may be entered for the defendant Empire dismissing the complaint as to it without costs.