■ MURRAY KATZ, Individually and as Executor of JANET KATZ, Deceased, et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. — In an action to recover from defendant insurer the amount of a judgment obtained against the driver of an automobile owned by defendant's insured (Insurance Law, § 167, subd 1, par [b]), plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), dated January 3, 1983, which dismissed the complaint. Judgment affirmed, with costs. On August 12, 1977, plaintiffs were involved in an automobile accident with a stolen car owned by one Amelia Bouganim but operated by a William Johnson without Bouganim's knowledge or consent. Both the vehicle occupied by plaintiffs and the vehicle owned by Bouganim were insured by defendant Allstate, and the policy on the Bouganim

vehicle provided that Allstate would defend its insured, and pay any and all judgments, not exceeding policy limits, obtained against its insured arising out of the ownership, maintenance or use of the insured vehicle, but expressly excluded all coverage while the vehicle was operated or used without the permission, express or implied, of the owner. In September, 1977, shortly after the accident, plaintiffs completed and submitted an uninsured motorist benefits claim, alleging that the vehicle occupied by them had been involved in an accident with a stolen car. Thereafter, an action was commenced against Johnson and others, for damages suffered as a result of the automobile accident. Plaintiffs were aware that Johnson had been convicted, *inter alia,* of grand larceny as a result of his theft of the Bouganim vehicle. However, it was alleged in that action that Johnson had operated the vehicle with Bouganim's consent. Plaintiffs assert that they gave defendant Allstate notice of that action, but that they never received from it a denial of coverage or disclaimer of liability. In response to a third-party complaint, Bouganim submitted an answer asserting that the vehicle was in a "state of theft" at the time of the accident. The cause of action against the car thief Johnson was severed, and a judgment was entered against him in May, 1979. This judgment was served upon both Johnson and Allstate. After 30 days elapsed without payment, plaintiffs commenced the instant action pursuant to section 167 (subd 1, par [b]) of the Insurance Law. Allstate asserted as an affirmative defense, the fact that the car has been operated without the owner's consent. In November, 1982, the parties submitted the controversy to the court on an agreed statement of facts, and the trial court dismissed the action on the ground that subdivision 8 of section 167 of the Insurance Law, as interpreted in *Zappone v Home Ins. Co.* (55 NY2d 131), did not require notice of disclaimer when insurance coverage did not exist, but that notice was required "to cover only situations in which a policy of insurance that would otherwise cover the particular accident is claimed not to cover it because of any exclusion in the policy". We agree that defendant insurer was not required to give a notice of disclaimer under the facts of this case. Subdivision 8 of section 167 of the Insurance law provides: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident * * * occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer or liability or denial of coverage to the insured and the injured person or any other claimant." In *Zappone v Home Ins. Co.* (55 NY2d 131, *supra*) it was held that this statute did not require written notice of disclaimer under all circumstances, but only where the policy of insurance covered both the driver and the vehicle, and would have covered the accident but for a claimed exclusion in the policy. Where, however, no coverage for the person involved in the accident ever existed under the policy, written notice was not required, as the statute was not intended to provide an added source of indemnification which had never been contracted for and for which no premium had ever been paid (*Zappone v Home Ins. Co., supra,* p 137). We agree with the trial court's conclusion that no written notice of disclaimer was required here when, at the time of the accident, the insured's vehicle had been stolen and was being operated by the thief without the knowledge or consent of the owner, and plaintiffs were aware from the inception that the vehicle had been stolen and was being operated by the thief. The policy clearly never contemplated any coverage while the vehicle was in the hands of a thief. Contrary to plaintiffs' contention, this is not a situation where both the driver and the vehicle were covered, but there was no insurance " 'by reason of exclusion' "; rather, there is no insurance protection here by " 'lack of inclusion' ", and written notice was, therefore, not required (*Zappone v Home Ins.*

*Co., supra,* pp 136-137). Additionally, we note, as did the trial court, that pursuant to section 167 (subd 1, par [b]) of the Insurance Law, an insurer would be liable to an injured party only on judgments taken against either "the insured or his personal representative". Plaintiffs would not be entitled to recovery against the insurer here as the judgment in question was not taken against either the insured or her personal representative, but against the uninsured car thief. Mollen, P. J., Titone, Bracken and Brown, JJ., concur.