## First Department, April, 1984

### (April 3, 1984)

■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v LISA SMITH, Respondent. — Order of the Supreme Court, New York County (David H. Edwards, Jr., J.), entered on May 17, 1983, which dismissed the petition to stay an uninsured motorist arbitration as demanded by the respondent and directed the parties to proceed to arbitration is unanimously reversed, on the law, and the petition is reinstated and arbitration is stayed and the matter is remanded for a hearing on the issue of whether or not there was contact between the vehicle covered by the Aetna Insurance Company policy and the hit-and-run driver such as would bring the claim within the uninsured motorist indorsement of the policy, without costs. ¶ The petitioner Aetna has sought to stay the arbitration demanded by respondent Lisa Smith under a policy of insurance issued by Aetna and covering a car owned by Patricia Smith which was being operated by Lisa Smith at the time it allegedly was involved in a hit-and-run accident. Notice of the accident was given to Aetna by respondent on November 5, 1981. No action was taken by Aetna in respect to the notice of the accident until a demand for arbitration was served in

February of 1983. Petitioner promptly moved to stay arbitration but Special Term dismissed the petition purportedly under the authority of *Zappone v Home Ins. Co.* (55 NY2d 131), *Hartford Ins. Co. v County of Nassau* (46 NY2d 1028) and *Matter of Allstate Ins. Co. (Frank)* (44 NY2d 897) for the reason that the failure of the petitioner to explain the delay in disclaiming liability and denying coverage under the policy for a period in excess of 15 months was unreasonable. ¶ The New York Automobile Accident and Indemnification Endorsement to the policy of insurance issued by Aetna, defines an uninsured automobile, among other things, as a "hit-and-run automobile as defined". The policy further defines a "hit-and-run automobile" to mean "an automobile which causes bodily injury to an Insured arising out of physical contact of such automobile with the Insured or with an automobile which the Insured is occupying at the time of accident". Aetna argued below that in order for the incident to be covered by the contract of insurance, it is necessary that there have been physical contact between the insured's motor vehicle and "the hit-and-run motor vehicle". Since the police report attributes the accident to a slippery pavement and does not indicate any physical contact with another vehicle, Aetna argued that arbitration should be stayed and the matter set down for a hearing regarding the issue of contact between the insured's motor vehicle and another. We agree. The fact that the motor vehicle accident report filed by Lisa Smith, as observed by Special Term, alleges contact demonstrates no more than that there is an issue of fact as to whether there was such contact between the insured vehicle and the alleged hit-and-run automobile as would constitute the occurrence, one in respect to which there was a contract of insurance. ¶ Subdivision 8 of section 167 of the Insurance Law requires that an insurance company give written notice of disclaimer "as soon as it is reasonably possible" where that insurer seeks to disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident. In *Zappone,* the Court of Appeals listed three reasons why a carrier may deny liability: (1) failure of the insured to cooperate in defense of the lawsuit, or failure to give notice of the accident; (2) the circumstances of the accident bring an exclusion of the policy into play and (3) because it made no contract of insurance with the person and for the vehicle involved in the accident in question or because there was such a policy at one time but it had either been terminated by act of the insured, or canceled by the insurer prior to the accident. The court observed (pp 136-137) that in the third situation "though the carrier may have some other relationship with the owner or driver of the vehicle, it has no contract with that person with respect to the vehicle involved and, there being no contractual relationship with respect to the vehicle, [it] is not required to deny coverage or otherwise respond to a claim arising from an accident involving that vehicle except as statute mandates or courtesy suggests". Thus, unless the accident which is the subject of this litigation arose through involvement with an uninsured automobile, "a hit and run automobile" as defined in the coverage clause of the policy, that is, one which causes injury arising out of *physical contact* with the automobile of the insured, or with an automobile which the insured is occupying at the time of the accident, it cannot be said that Aetna has a "contract with [its insured] with respect to the vehicle involved". That being the case there would be no duty upon Aetna to deny coverage and the provisions of subdivision 8 of section 167 of the Insurance Law would be inapplicable. ¶ However, that issue cannot be resolved on conflicting affidavits. Accordingly, a hearing is required and arbitration should be stayed pending the resolution of that issue. Concur — Murphy, P. J., Kupferman, Carro, Silverman and Alexander, JJ.