■ In the Matter of the Arbitration between AETNA CASUALTY & SURETY COMPANY, Appellant, and ROMAN HINES et al., Respondents. — Judgment of the Supreme Court, New York County (Alfred M. Ascione, J.), entered April 29, 1983, which dismissed a petition to stay an uninsured motorist arbitration demanded by respondent and directed the parties to proceed to arbitration reversed, on the law, with costs, the petition is reinstated and the arbitration stayed, and the matter is remanded for a trial as to whether the vehicle involved in an accident with respondent was insured on the date of the

accident. ¶ Respondent Roman Hines served a demand for arbitration against his insurer, Aetna Casualty & Surety Company (Aetna), under the uninsured motorist indorsement of his policy, based on an accident on August 31, 1981 involving his automobile and another owned by T & J Salvage Corporation (T & J). The Foremost Insurance Company (Foremost) advised T & J that its policy had been canceled on July 6, 1981, and disclaimed coverage. ¶ Aetna brought a special proceeding to stay the arbitration and sought a preliminary trial to determine whether Foremost had validly canceled pursuant to section 313 of the Vehicle and Traffic Law its policy covering T & J. The sole ground raised by respondent Hines in opposition to the petition was Aetna's failure to issue a timely disclaimer of liability under subdivision 8 of section 167 of the Insurance Law in response to an earlier letter from respondent's counsel dated October 24, 1981, which in pertinent part stated: "Please be further advised that we have yet to verify insurance coverage for the offending vehicle. We therefore formally advise you that an uninsured motorist claim is herewith being presented by and [on] behalf of our client(s), above named." ¶ Special Term dismissed the petition on the grounds that Aetna had not met its burden to establish that there was insurance coverage of the T & J vehicle on the date in question, and that Aetna had failed to disclaim within a reasonable time. We disagree, and accordingly reverse. ¶ Both parties agree on this appeal that Aetna has made out a prima facie case of the existence of insurance coverage for the T & J vehicle sufficient to warrant a trial. (See *Viuker v Allstate Ins. Co.,* 70 AD2d 295, 298-299.) The only issue presented on this appeal is whether Aetna would be barred by subdivision 8 of section 167 of the Insurance Law from disclaiming liability or denying coverage after having had notice of the claim since October, 1981. ¶ The case appears to us to be controlled by the decision of the Court of Appeals in *Zappone v Home Ins. Co.* (55 NY2d 131, 134) (released after the instant proceeding was submitted to Special Term), in which the court stated: "The principle, declared in *Schiff Assoc. v Flack* (51 NY2d 692), that the failure to disclaim coverage does not create coverage which the policy was not written to provide, applies to liability policies as well as professional indemnity insurance, notwithstanding the provisions of subdivision 8 of section 167 of the Insurance Law. The words 'deny coverage' in that subdivision refer to denial of liability predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question. It does not encompass denial that the policy as written would have covered the liability in question under any circumstances." ¶ As the opinion of the Court of Appeals went on to state (at p 136), timely disclaimer pursuant to subdivision 8 of section 167 of the Insurance Law is required where a carrier denies liability because of a breach by the insured of his obligations under the policy, or where, "although the person and the vehicle are covered by the policy the circumstances of the accident bring a policy exclusion into play". No obligation to disclaim was discerned (p 136) in the situation in which the carrier denies liability because it "made no contract of insurance with the person and for the vehicle involved in the accident in question". ¶ In the case at bar Aetna has requested a preliminary trial to determine whether the T & J vehicle was in fact uninsured. The possible existence of insurance on that vehicle would in no sense constitute an exclusion from coverage otherwise paid for and included; rather the absence of insurance is an essential prerequisite for the existence of coverage under the uninsured motorist indorsement of the policy. (see *Matter of Aetna Cas. & Sur. Co. v Smith,* 100 AD2d 751; *Katz v Allstate Ins. Co.,* 96 AD2d 930.) Thus subdivision 8 of section 167 of the Insurance Law does not apply to require a prompt notice of disclaimer by Aetna. ¶ We accordingly reverse, reinstate the petition and stay the arbitration, and remand the matter for a preliminary trial on the issue of the

insurance status of T & J, at which Foremost shall be made a party. (*Matter of American Security Ins. Co. [Novoa]*, 97 AD2d 541.) Concur — Kupferman, J. P., Sandler, Ross, Silverman and Alexander, JJ.