■ AETNA CASUALTY & SURETY CO., Appellant, v ANA RODRIGUEZ, Respondent. — Order of the Supreme Court, New York County (Eugene R. Wolin, J.), entered May 18, 1983, which dismissed the petition to stay an uninsured motorist arbitration as demanded by the respondent and directed that the

parties proceed to arbitration is unanimously reversed, on the law, without costs, the petition is reinstated and arbitration is stayed and the matter is remanded for a hearing on the issue of whether or not a policy of insurance was issued by the petitioner in respect to the vehicle of Hector Ramirez in which the respondent Ana Rodriguez was a passenger. ¶ By letter dated December 12, 1981, Ana Rodriguez notified the petitioner of her intention to make a claim in respect to injuries allegedly sustained on September 27, 1981, while she was a passenger in a vehicle owned and operated by Hector Ramirez purportedly insured by Aetna. Aetna made no response to this notice and thereafter on December 29, 1982, the respondent Rodriguez served a demand for arbitration in respect to her claim for injuries sustained in the accident. The demand for arbitration identified the policy purportedly covering the Ramirez automobile as No. 47 SG 780473 PAA. Promptly thereafter, and in January of 1983, Aetna served and filed a notice of petition and petition seeking a stay of arbitration pursuant to CPLR 7503. Aetna's petition asserted that a thorough search had been made regarding insurance coverage for the said Hector Ramirez and that both a computer search and manual search were unable to confirm any coverage afforded to Hector Ramirez. Moreover, Aetna asserted that the policy number stated in the demand for arbitration could not be the number of an Aetna policy since there are six numbers stated between the letters and that Aetna policies have seven numbers stated between the letters. Special Term dismissed the petition because of Aetna's failure to give the notice of its disclaimer of liability required by subdivision 8 of section 167 of the Insurance Law. Moreover, Special Term found Aetna to be estopped to disclaim liability because of its delay in responding to the notice of intention to make a claim under the Ramirez policy which prevented respondent from prosecuting her claim against the Motor Vehicle Accident and Indemnification Corp. (MVAIC) pursuant to section 608 of the Insurance Law. This was error and, accordingly, we reverse. ¶ Subdivision 8 of section 167 of the Insurance Law requires that an insurance company give written notice of disclaimer "as soon as is reasonably possible" where that insurer seeks to disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident. In discussing this section of the Insurance Law, the Court of Appeals has indicated that there are three reasons why a carrier may deny liability: (1) because of a breach of the policy terms by the insured arising out of the failure of the insured to cooperate in the defense of the lawsuit or failure to give notice of the accident; (2) the circumstances of the accident bring an exclusion of the policy into play; and (3) because the carrier made no contract of insurance with the person and for the vehicle involved in the accident in question or because there was such a policy at one time but it had either been terminated by act of the insured or canceled by the insurer prior to the accident. (*Zappone v Home Ins. Co.*, 55 NY2d 131, 136.) The court observed (pp 136-137) that in the third situation "though the carrier may have some other relationship with the owner or driver of the vehicle, it has no contract with that person with respect to the vehicle involved and, there being no contractual relationship with respect to the vehicle, is not required to deny coverage or otherwise respond to a claim arising from an accident involving that vehicle except as statute mandates or courtesy suggests". Here, the respondent has identified a policy number purportedly representing a policy of insurance issued by Aetna covering the Ramirez vehicle and has produced a New York State identification card purportedly issued by Aetna from its Fall River, Massachusetts office which would indicate that the referenced policy was issued by Aetna under the New York State Assigned Risk Plan. Aetna has demonstrated through the affidavit of the administrator of its Assigned Risk Plan that a thorough search of its records, both for the named individual, Hector Ramirez, and for the insurance

number indicated on the identification card, has failed to disclose any insurance coverage for that person. Moreover, it appears that the policy number submitted is not an Aetna number. Therefore, under the authority of *Zappone,* if Aetna's contention that it had no contract of insurance with Ramirez is correct it was not required to deny coverage or otherwise respond to the notice of claim arising from an accident involving that vehicle (see *Matter of Aetna Cas. & Sur. Co. v Smith,* 100 AD2d 751). ¶ An issue of fact is thus raised as to whether or not the vehicle in which the respondent Rodriguez was a passenger was insured under a policy issued by Aetna and whether there is an agreement to arbitrate under the uninsured motorist indorsement of such policy. That issue must be resolved by the court preliminarily. Nor may it be properly said under the circumstances of this case that Aetna is estopped from asserting its disclaimer. If Aetna had no obligation, in the circumstances, to advise Rodriguez of its disclaimer, it cannot be said to have induced her to rely upon its coverage and thus not make claim to the MVAIC. The failure to disclaim coverage does not create coverage which the policy was not written to provide (see *Schiff Assoc. v Flack,* 51 NY2d 692; *Zappone v Home Ins. Co.,* 55 NY2d 131, *supra*). Concur — Murphy, P. J., Ross, Milonas, Kassal and Alexander, JJ.