■ In the Matter of the Arbitration between AETNA CASUALTY & SURETY COMPANY, Appellant, and ATTILIO MARI et al., Respondents. — Order, Supreme Court, New York County (Eugene J. Wolin, J.), entered June 22, 1983, which denied petitioner's application and dismissed the petition to stay arbitration of an uninsured motorist claim, directing the parties to proceed to arbitration, unanimously reversed, on the law, without costs or disbursements, the petition reinstated and arbitration stayed pending remand for a preliminary trial of the threshold issue of the existence of valid insurance coverage on the alleged offending vehicle on the date of the accident, and, for that purpose U.S.A.A. Casualty Insurance Co. and Maria Sapokolos, the insurer and owner, respectively, of the alleged offending vehicle, are joined as party respondents. ¶ On September 7, 1982, respondents filed a demand for arbitration of an uninsured motorist claim relating to an accident which occurred in May, 1980. Within

three months after the accident, on August 11, 1980, respondents had notified Aetna of a possible uninsured motorist claim when they requested that "no-fault" forms be sent to them. Within 20 days after service of a formal demand for arbitration, petitioner commenced this proceeding on September 27, 1982, to stay arbitration and for a hearing on the issue of whether there was insurance coverage on the alleged offending vehicle on the date of the accident. In opposing the application, U.S.A.A. Casualty Insurance Co. (USAA) argued that petitioner had failed to demonstrate that insurance coverage existed and, on that basis, Special Term denied the application "without prejudice to renewal upon proper papers." (Order, Wolin, J., entered Dec. 23, 1982.) ¶ Thereafter, by notice of petition dated January 21, 1983, Aetna renewed its application, submitting in support thereof copies of the FS-25 from the Department of Motor Vehicles, an application for motor vehicle registration and the Department's registration plate record, which reflected that the alleged offending vehicle had been insured by USAA on the date of the accident. As had been argued initially, Aetna claimed that its investigation revealed that the other vehicle was owned by Sapolokos and insured by USAA under policy number 2095715 and that the letter from that insurer denying the existence of insurance had incorrectly referred to the absence of any record of issuance for policy number 2095713. ¶ Special Term, denying the application, found the proceeding to be defective on alternate grounds, (1) if the renewed proceeding amounted to a new application, it was untimely under CPLR 7503 (subd [c]) since it had not been commenced within 20 days after service of the demand, or (2) if the application was for renewal, the moving papers were deficient under *Foley v Roche* (68 AD2d 558) in that no excuse was offered for not submitting the additional facts on the original application. ¶ We disagree and find that the court abused its discretion in dismissing the petition when, on this record, it is clear that there are factual issues as to the existence of insurance coverage on the alleged offending vehicle on the date of the accident. The principle expressed by us in *Foley v Roche (supra)* has no application here since the court, on the original application, had granted petitioner leave to renew on submission of proper supporting papers containing a sufficient factual showing to require a trial on the issue. The failure to submit such proof initially was a procedural defect which the court excused when it denied the application "without prejudice to renewal." While that application could have been denied outright, in which event the *Foley* rationale would apply on any renewal, Special Term did not do so. ¶ Nor is it dispositive that the second application was captioned "Notice of Petition" and supported by a "Petition" in lieu of a notice of motion for renewal and supporting affidavit. This was an irregularity or mistake which should have been corrected or disregarded in accordance with CPLR 2001, particularly since the second application was noticed under the same index number as the first, demonstrating that it was an application in the previously commenced special proceeding and not a new proceeding. Under all of the circumstances, we find that Aetna satisfied its burden of going forward in demonstrating that there was a factual issue requiring a preliminary trial on whether valid insurance coverage existed at the time of the accident (see *Matter of American Security Ins. Co. [Novoa]*, 97 AD2d 541; *Aetna Ins. Co. v Logue,* 68 Misc 2d 841). ¶ We find respondents' alternate claim that petitioner may not obtain a stay of arbitration by reason of its failure to timely disclaim coverage pursuant to subdivision 8 of section 167 of the Insurance Law similarly without merit. The Court of Appeals has construed the statute to require a timely notice of disclaimer where the insurer seeks to avoid liability as the result of a breach of the policy by the assured, either with respect to the failure to cooperate or give prompt notice of an accident or where the circumstances of the accident call into operation an exclusion contained in

the policy. However, where the coverage of the policy does not attach, either because no contract of insurance was made with the person and for the vehicle involved, or where the policy had been terminated by act of the insured or cancellation by the insurer, there is no duty to disclaim. (*Zappone v Home Ins. Co.*, 55 NY2d 131.) To hold otherwise and apply the doctrine of waiver in such circumstances would improperly create coverage where none exists, contrary to the well-established law in this State (see *Schiff Assoc. v Flack*, 51 NY2d 692, 698, "extension of coverage cannot be attained by waiver"). In *Zappone*, it was recognized that the principle of *Schiff Assoc. v Flack* was applicable to liability policies and that "the failure to disclaim coverage does not create coverage which the policy was not written to provide" (55 NY2d, at p 134). Clearly, that same principle applies with respect to the uninsured motorist indorsement of such policies, which coverage will not attach in the absence of a showing that there was an accident with an uninsured, unregistered, stolen or hit-and-run vehicle or one operated without the permission or consent of the owner (Insurance Law, § 600 *et seq.*). This principle has been consistently followed (*Matter of Aetna Cas. & Sur. Co. v Smith*, 100 AD2d 751 [hit-and-run vehicle]; *Aetna Cas. & Sur. Co. v Rodriguez*, 102 AD2d 744 [existence of insurance coverage]; *Matter of Aetna Cas. & Sur. Co. [Hines]*, 102 AD2d 725 [existence of insurance coverage]; *Katz v Allstate Ins. Co.*, 96 AD2d 930 [stolen vehicle]; *United Servs. Auto. Assn. v Meier*, 89 AD2d 998 [existence of insurance coverage for the operator and vehicle involved in the accident]). ¶ The same principle applies with equal force here. The uninsured motorist coverage of the Aetna policy does not attach unless and until it has been established that there was no insurance coverage on the Sapokolos vehicle on the date of the accident. As a result, subdivision 8 of section 167 of the Insurance Law did not require that Aetna disclaim coverage when it received notice that an accident had occurred and a request was made for no-fault benefits. The event which triggered the requirement for prompt action by the insurer was the demand for arbitration, in response to which appellant timely applied for a stay, submitting sufficient information on the renewed application to require a preliminary trial on the threshold issue of the existence of insurance coverage on the alleged offending vehicle on the date of the accident. The failure of Special Term to direct a trial on the issue was error and, accordingly, we remand for that purpose. Concur — Sandler, J. P., Asch, Lynch and Kassal, JJ.