OPINION OF THE COURT
Edward H. Lehner, J.
The issue in this case is whether an insurer’s failure to issue a timely denial of claim pursuant to the regulations of the New York State Insurance Department bars the insurer from denying coverage in an action for recovery of no-fault benefits.
The facts appear from the moving papers as follows: On July 18, 1980, Anastasios Tsaousidis was injured in an automobile accident involving a vehicle allegedly insured by defendant. Plaintiff rendered medical treatment to the injured party, obtained an assignment of his no-fault benefits, and submitted his bill to defendant. Upon defendant’s failure to pay, plaintiff sued for breach of the contract of insurance for first-party no-fault benefits.
Defendant now moves to dismiss the complaint on the grounds that plaintiff has failed to state a cause of action *780 against it, submitting an affidavit of its claims unit manager asserting that the policy number given to him by plaintiff’s attorney actually refers to a policy issued by a different carrier.
Plaintiff opposes the instant application on the grounds that such defense is precluded because of defendant’s failure to notify plaintiff of its denial of the claim pursuant to 11 NYCRR 65.15 (f) (5), citing the recent decision in Hempstead Gen. Hosp. v Allstate Ins. Co. (120 Misc 2d 303).
The regulation in issue provided as follows:
“If an insurer has determined that benefits are not payable for any of the following reasons:
“(i) no coverage on the date of accident;
“(ii) circumstances of the accident not covered by no-fault; or
“(iii) statutory exclusions pursuant to section 672 (2) of the Insurance Law;
“it shall notify the applicant within 10 business days after such determination on a prescribed denial of claim form, specifying the reasons for the denial.” (11 NYCRR 65.15 [f] [5].)
The notice of disclaimer required under subdivision 8 of section 167 of the Insurance Law differs from the notice required under the above regulation in that the statute’s application is not limited to motor vehicle accidents and its disclaimer of liability notice must be issued also to the insured and the injured person, not only the claimant. Furthermore, unlike the regulation, the statute does not enumerate the reasons for disclaimer which trigger the carrier’s obligation to notify. The statute mandates that notice be given “as soon as is reasonably possible”. This has been interpreted as within the relatively short period of two months from the date that the carrier received notice of the accident. (Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Allstate Ins. Co. v Moon, 89 AD2d 804, 806 [seven weeks — dictum].) Notice pursuant to the regulation must be given “within 10 business days after such determination” that benefits are not payable.
It appears, however, that the notice requirements of subdivision 8 of section 167 and of the regulations are *781 substantially alike. In interpreting the statutory requirement, the Court of Appeals noted that a carrier may disclaim liability or “deny coverage” in five possible situations: (i) where the insured has breached the terms of the policy by failing to cooperate in the defense of the lawsuit brought by the injured person; (ii) where the insured has failed to give notice of the accident or of the commencement of an action against it (in essence, failure to cooperate in the defense); (iii) where the denial of liability is because, although the person and the vehicle are covered by the policy, the circumstances of the accident bring a policy exclusion into play; (iv) where there had been a policy at one time but it had been canceled by the insurer or terminated by act of the insured prior to the accident; and (v) where there had never been a contract of insurance with the person and for the vehicle involved in the accident in question. (Zappone v Home Ins. Co., 55 NY2d 131, 136-137.)
In holding the carrier’s disclaimer of excess coverage to be effective, the court concluded that the statutory duty to give notice arises only in the first three instances, for “the Legislature did not intend by its use of the words ‘deny coverage’ to bring within the policy a liability incurred neither by the person insured nor in the vehicle insured, for to do so would be to impose liability upon the carrier for which no premium had ever been received by it and to give no significance whatsoever to the fact that automobile insurance is a contract with a named person as to a specified vehicle” (supra, pp 135-136).
In Zappone (supra), neither the car nor the driver involved in the accident was insured by the disclaiming carrier. Our appellate courts have readily applied its teaching to slightly variant circumstances. For example, in Katz v Allstate Ins. Co. (96 AD2d 930), plaintiffs were involved in an accident with a stolen car. Both the vehicle occupied by plaintiff and the stolen vehicle were insured by defendant Allstate, the policy on the stolen vehicle expressly excluding all coverage while the vehicle was operated without the consent of the owner. The Second Department held that no written notice of disclaimer was required since no coverage for the person involved in the *782 accident (the thief) ever existed under the policy. Rejecting plaintiff’s argument that this was a situation where both the driver and the vehicle were covered, but there was no insurance “by reason of exclusion”, the court found that there was no insurance protection by “lack of inclusion” and written notice was, therefore, not required (supra, p 931). Thus, the court in Katz extended the reach of Zappone (supra) in two respects: first, it applied the rule in a situation where the vehicle involved in the accident was insured by the defendant carrier; second, it construed what would appear to be a policy exclusion as a noninclusion of coverage. (See, also, Spinella v MVAIC, 62 Misc 2d 893, 895.)
In Matter of Aetna Cas. & Sur. Co. v Smith (100 AD2d 751), the automobile insurer petitioned to stay uninsured motorist arbitration demanded by the driver of an insured vehicle allegedly involved in a hit-and-run accident, arguing that in order for the accident to be covered by the contract of insurance it was necessary that there have been physical contact between the insured’s motor vehicle and the hit-and-run vehicle. Despite Aetna’s failure to explain the delay in disclaiming liability for period in excess of 15 months, which the court below had considered unreasonable, the First Department stayed arbitration pending a hearing to determine whether there had been physical contact. In reversing, the court noted that there would be no duty to deny coverage unless the accident were brought within the coverage clause of the policy. (See, also, Matter of Allstate Ins. Co. [Walsh], 115 Misc 2d 907, 910 [Lehner, J.], affd 99 AD2d 987.)
Similarly, in the recent case of Aetna Cas. & Sur. Co. v Rodriguez (102 AD2d 744) the court stayed arbitration pending a hearing on the issue of whether or not a policy of insurance was issued by petitioner in respect to the vehicle involved in the accident, stating that there would be no duty to deny coverage if it were shown that the claim was sought against the wrong carrier. (See, also, Matter of Aetna Cas. & Sur. Co. v Mari, 102 AD2d 772.)
The case at bar presents the identical issue as in the Rodriguez case (supra), albeit pursuant to the regulations implementing the Comprehensive Automobile Insurance *783 Reparations Act (No-Fault Law). Although the requirement of a denial of claim within the short 10-day period is in furtherance of the stated policy of providing prompt compensation to accident victims without regard to fault (11 NYCRR 65.15 [a]), thereby obviating the necessity of litigation and reducing the cost of premiums (Montgomery v Daniels, 38 NY2d 41), it was not intended “to provide an added source of indemnification which had never been contracted for and for which no premium had ever been paid.” (Zappone v Home Ins. Co., supra, at p 137.) Thus, where the carrier denies the existence of a contract of insurance with the alleged insured the regulations cannot impose a duty to disclaim.
Neither the statute nor the regulations specify the sanction to be imposed for failure to deny the claim in the manner prescribed, so any notion that a rule of preclusion is to be adopted must arise by implication alone. In view of the possible constitutional ramifications of such a sanction, specifically not passed upon by the court in Zappone (supra, p 138), and in the absence of a compelling reason therefor, it would be especially burdensome to impose such a rule on carriers without clear statutory authority. Indeed to engraft such penalty onto the regulation would impermissibly have it do what the statute, which it is intended to implement, does not.
This court therefore declines to follow the approach taken by the Justice in Hempstead Gen. Hosp. v Allstate Ins. Co. (120 Misc 2d 303, supra) and holds that Allstate had no duty to deny coverage. Since the affidavits present no contested issues of fact, defendant’s motion seeking dismissal of the complaint is granted and the clerk may enter judgment accordingly.