■ In the Matter of AETNA CASUALTY & SURETY Co., Appellant-Respondent, v PASQUALE STRIPPOLI et al., Respondents, and ROYAL INSURANCE COMPANY et al., Respondents-Appellants.—Order, Supreme Court, New York County (Kenneth L. Shorter, J.), entered April 17, 1987, which granted petitioner's motion to reargue its prior motion to stay arbitration of an uninsured motorist claim filed by respondent Strippoli, but which, upon reargument, adhered to the court's original determination denying a stay of arbitration, unanimously reversed on the law, without costs or disbursements, arbitration stayed and the matter remanded for a hearing on the issue of whether respondent Lupola's policy was validly canceled, *ab initio,* by respondent Royal Insurance Company.

This proceeding stems from an automobile accident which occurred on November 7, 1984 in Queens and involved Strippoli and Lupola. Upon being advised by Royal Insurance that it had, on April 2, 1986, canceled Lupola's policy, effective January 27, 1984, Strippoli filed a demand for arbitration of an uninsured motorist claim with his carrier, Aetna. Royal's cancellation was based on Lupola's alleged failure to meet the requirements of the New Jersey Automobile Full Insurance Underwriting Association, i.e., a bona fide New Jersey residence. Lupola contends that at the time she purchased the Royal policy she was living in Iselin, New Jersey. In any event, Aetna timely moved to stay arbitration, arguing that Royal could not cancel Lupola's policy *ab initio.* Although recognizing that the cancellation, *ab initio,* of an automobile liability policy would offend the public policy of this State *(see, Teeter v Allstate Ins. Co.,* 9 AD2d 176, *affd* 9 NY2d 655), the motion court, inexplicably, denied a stay. This was error. As all parties concede, a hearing is in order, since the effective-

ness of Royal's purported cancellation, *ab initio,* presents a factual issue, irrespective of whether New York or New Jersey law applies. Since the issue of Lupola's coverage is central to the question of Aetna's obligations under the uninsured motorist endorsement, the court should have ordered a hearing on the issue. *(Aetna Cas. & Sur. Co. v Rodriguez,* 102 AD2d 744; *Matter of Aetna Cas. & Sur. Co. [Hines],* 102 AD2d 725.) Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Smith, JJ.