■ COMMERCIAL UNION INSURANCE COMPANIES, Appellant-Respondent, v JEDAMICH ENTERPRISES, INC., et al., Defendants, and GLOCEL GLAMOUR, INC., Doing Business as FINGERS, FACES & TOES, Respondent-Appellant.—In an action for a judgment declaring, *inter alia,* the validity of the plaintiff insurer's disclaimer of liability, the plaintiff appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), entered July 7, 1987, as, *inter alia,* granted that branch of the motion of the defendant Glocel Glamour, Inc. which was for summary judgment declaring that the plaintiff had a duty to defend Glocel Glamour, Inc., and (2) from an order of the same court, entered November 13, 1987, which denied its motion for renewal and reargument. The defendant Glocel Glamour, Inc., cross-appeals from so much of the order entered July 7, 1987, as denied that branch of its motion for summary judgment which was for a declaration that the plaintiff is obligated to indemnify it.

Ordered that the order entered July 7, 1987, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the order entered November 13, 1987, is affirmed; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

The complaint in the underlying action alleged that on April 10, 1985, a pedicure operator, once employed by the defendant Glocel Glamour, Inc. (hereinafter the insured), negligently performed a pedicure upon the plaintiff in that action. The pedicurist left the employ of the insured shortly after the incident and apparently is the only person, other than the plaintiff in that action, with knowledge of the facts underlying the claim.

The plaintiff insurer assumed the defense of the insured on January 20, 1986. At that time, the plaintiff insurer directed the insured not to discuss the case with anyone other than its agent. By letter dated June 9, 1986, the plaintiff purported to disclaim liability based upon the pedicurist's performance of a procedure prohibited by the terms of the policy and the use of a prohibited instrument during the pedicure.

The insured retained counsel to defend against the underlying claim and the plaintiff insurer commenced this action seeking a declaration that its disclaimer was valid. The insured counterclaimed for a declaration that the plaintiff was obligated to defend and indemnify, contending, *inter alia,* that a late disclaimer by the insurer was invalid.

On April 1, 1987, the insured moved for summary judgment on its counterclaim. The plaintiff responded that as it had not been able to interview the pedicurist until June 3, 1986, at which time it was first discovered that prohibited conduct had occurred, its disclaimer a few days later was proper and timely.

For an insurer to be relieved of the duty to defend, it must demonstrate that the allegations contained in the underlying complaint place the pleading within the exclusions of the policy *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Baron v Home Ins. Co.,* 112 AD2d 391). The duty to defend, which is broader than the duty to indemnify, arises whenever the allegations of the underlying complaint fall within the scope of the coverage for the liability in question. If an insurer intends to disclaim liability or deny coverage for any incident, it must give written notice of disclaimer as soon as it is reasonably possible to do so. However, the insurer will be estopped from denying coverage if the notice of such denial or disclaimer of liability is unreasonably delayed *(see, Allstate Ins. Co. v Gross,* 27 NY2d 263; 70 NY Jur 2d, Insurance, §§ 1670-1671).

The question of reasonableness is generally a question of fact *(see, Allstate Ins. Co. v Gross, supra,* at 270; *see also,* 70 NY Jur 2d, Insurance, § 1671, at 730). However, it has been held that the court may declare unreasonableness as a matter of law so that the insurer is obligated to defend and indemnify *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Based upon the record before us, including the mere conclusory allegation by the insured, we are not prepared to declare that the approximately five-month period between the time that the plaintiff assumed the defense of its insured and its letter of disclaimer was unreasonable as a matter of law. Pending resolution of the factual issues as to the reasonableness of the delay in furnishing its disclaimer, we find that the plaintiff is required to defend the insured.

The insured also contends that the plaintiff should be obligated to indemnify it because the plaintiff provided the attorneys for the plaintiff in the underlying action with its investigatory file of the underlying claim, which file allegedly contained confidential and privileged information pursuant to CPLR 3101 (d), i.e., materials prepared for litigation. It is well settled that a party claiming a privilege must demonstrate the grounds for invoking it *(see, Big Apple Concrete Corp. v Abrams,* 103 AD2d 609; *Stanwick v A.R.A. Servs.,* 124 AD2d 1041). In support of its contention, the insured merely set forth conclusory allegations which are not sufficient to demonstrate that any privilege was breached.

The parties' remaining contentions have been considered and have been found to be without merit *(see, Baron v Home Ins. Co.,* 112 AD2d 391, *supra; Big Apple Concrete Corp. v Abrams,* 103 AD2d 609, *supra).* Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.