■ MARK OSOHOWSKY, by His Conservator, STELLA KACER, Plaintiff, v ROSE ROMANIELLO et al., Defendants, and DURSO SUPERMARKETS, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. ROYAL INSURANCE Co., Third-Party Defendant and Fourth-Party Plaintiff-Appellant-Respondent, et al., Third-Party Defendants, and YORK CLAIMS SERVICE, INC., Fourth-Party Defendant-Appellant. [607 NYS2d 396] —In an action, *inter alia,* to recover damages for personal injuries, the fourth-party defendant York Claims Service, Inc., appeals

from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered September 3, 1991, as denied its motion for summary judgment dismissing the fourth-party complaint; the third-party defendant Royal Insurance Co., separately appeals from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint; and the third-party plaintiff Durso Supermarkets, Inc., cross-appeals, from so much of the same order as denied its cross motion for summary judgment against the third-party defendant Royal Insurance Co.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On October 10, 1987, the defendant James Romaniello purchased alcoholic beverages from the defendant Durso Supermarkets, Inc. (hereinafter Durso). The plaintiff Mark Osohowsky was a passenger in the car driven by Romaniello which was in an accident wherein the plaintiff suffered severe, permanent, and disabling injuries. Romaniello was found to be legally intoxicated at the time of the accident. Durso was covered by an insurance policy issued by Royal Insurance Co. (hereinafter Royal). Royal had issued a comprehensive general liability insurance policy to Durso with a policy limit of $500,000, subject to a self-insured provision of $25,000. York Claims Service, Inc. (hereinafter York), was appointed as the claims handler for Durso. Durso alleged that Royal approved York as claims handler. York denied being Royal's agent. Royal indicated that York was the agent of Durso. The policy excluded claims relating to the sale of intoxicating beverages. York claimed that it was notified of the instant suit on March 31, 1989, and forwarded the summons and complaint to Royal on April 6, 1989. Royal alleged that it never received such notice and first heard of this claim on June 18, 1989. Royal disclaimed coverage on June 26, 1989.

Insurance Law § 3420 (d) estops an insurance company from disclaiming coverage where it has delayed unreasonably in doing so if the policy at issue would provide the claimed coverage but for a policy exclusion *(see, Employers Ins. v County of Nassau,* 141 AD2d 496). If, however, the policy never created coverage in the first place, then the notice requirement does not apply and regardless of whether the disclaimer was timely, the insurer would not be estopped from denying coverage *(see, Zappone v Home Ins. Co.,* 55 NY2d 131). Here, Dram Shop liability was a policy exclusion and timely disclaimer was necessary *(see, Commercial Union Ins. Co. v*

*Jedamich Enters.,* 146 AD2d 599; *Employers Ins. v County of Nassau, supra; cf., Katz v Allstate Ins. Co.,* 96 AD2d 930).

Evidence in the record appears to indicate that York could have been the agent of Durso or Royal or both. It is also not clear whether Royal was notified of the suit on April 6, 1989, or June 18, 1989. It is therefore unclear whether the disclaimer was timely sent. Since questions of fact exist as to these issues, summary judgment was properly denied. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.