■ HANOVER INSURANCE COMPANY, Appellant, v SUFFOLK OVERHEAD DOOR CO., INC., Respondent. [615 NYS2d 742] —In an action for a judgment declaring that the plaintiff is not

obligated to defend and indemnify the defendant with respect to a personal injury action commenced against the defendant by Nicholas Sarnicola, pending in the Supreme Court, Suffolk County, entitled *Sarnicola v General Am. Door Co.,* the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated July 21, 1992, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, by granting summary judgment to the defendant upon searching the record and declaring that the plaintiff is obligated to defend and indemnify the defendant with respect to the underlying personal injury action; as so modified, the order is affirmed, with costs to the defendant.

On July 10, 1989, the plaintiff's claims adjuster spoke to defendant's vice president, Priscilla Ratje. Ratje informed the adjuster that the defendant had installed 10 garage doors for Nicholas Sarnicola's employer in December 1985 and repaired some others in 1986. The adjuster was also informed that the first notice the defendant received about Sarnicola's injury was in June 1989 when it received a letter from Sarnicola's attorney. Also, on July 10, 1989, Ratje signed a nonwaiver agreement allowing the plaintiff to deny coverage after an investigation of the accident. The nonwaiver agreement also reserved the plaintiff's right to disclaim based upon the defendant's failure to timely notify the plaintiff of the occurrence. In August 1989, Sarnicola served his complaint on the defendant, alleging that the defendant had installed a garage door which, on August 15, 1986, left its track and abruptly stopped, severely injuring Sarnicola.

On July 12, 1990, the plaintiff disclaimed coverage based on the "completed operations hazard" exclusion in the multiperil policy it issued to the defendant.

The plaintiff commenced the instant declaratory judgment action on or about February 7, 1991. In April 1992 the plaintiff moved for summary judgment declaring it had no duty to indemnify or defend the defendant. The motion was opposed by the defendant, which contended there was a triable issue of fact. The Supreme Court denied the motion, holding that the plaintiff was estopped from disclaiming coverage because of its unreasonable delay in exercising its rights. We agree with the contention of the defendant's counsel, that the plaintiff was aware of the facts upon which it now seeks to disclaim for almost a year prior to its July 12, 1990, disclaimer letter.

Where the policy would provide coverage but for a policy exclusion, the insurer must disclaim coverage *(see, Osohowsky v Romaniello,* 201 AD2d 473; *see also, Hartford Acc. & Indem. Co. v J. J. Wicks, Inc.,* 104 AD2d 289; *but see, Rhinebeck Bicycle Shop v Sterling Ins. Co.,* 151 AD2d 122). Insurance Law § 3420 (d) requires written notice of a disclaimer to be given "as soon as reasonably possible" after the insurer first learns of the grounds for disclaimer of liability or denial of coverage. It is well settled that, with respect to a claim involving personal injury, an insurer will be estopped from disclaiming coverage based on an exclusion in a policy where it has delayed unreasonably in doing so *(see, Zappone v Home Ins. Co.,* 55 NY2d 131, 132). Further, a failure to offer any explanation for the delay in notifying the insured of its disclaimer may result in a determination that the disclaimer is ineffective *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Matter of Mount Vernon Fire Ins. Co. v Gatesington Equities,* 204 AD2d 419; *Matter of Blee v State Farm Mut. Auto. Ins. Co.,* 168 AD2d 615). Since the plaintiff failed to offer any explanation for its delay in issuing a disclaimer based upon a policy exclusion until approximately one year after it was aware of sufficient facts to do so, the Supreme Court properly found it was not entitled to summary judgment.

The nonwaiver agreement signed by the defendant did not permit the plaintiff to delay sending a notice of disclaimer *(see, U. S. Liab. Ins. Co. v Staten Is. Hosp.,* 162 AD2d 445). Further, the fact that the plaintiff reserved its right to disclaim based upon the defendant's untimely notification does not permit it to disclaim based upon a policy exclusion *(see, Fabian v MVAIC,* 111 AD2d 366).

Based upon the foregoing, we search the record and grant summary judgment to the defendant, declaring that the plaintiff is obligated to defend, and, if necessary, indemnify the defendant with respect to the underlying personal injury action, even though the defendant has not moved for such relief. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.