■ PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant, v AETNA LIFE & CASUALTY COMPANY, Respondent. [635 NYS2d 252] —In an action to recover unpaid no-fault insurance benefits, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feuerstein, J.), dated November 17, 1994, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

Christine Fallas was insured by the defendant under an automobile liability insurance policy which contained a no-fault endorsement. In 1987 she was injured in an automobile accident. In November 1993 she was admitted to the hospital, operated by the plaintiff, for surgery on her neck. Asserting that the neck injury in 1993 was caused by the 1987 accident, the plaintiff, as assignee of Fallas's no-fault insurance benefits, filed a claim with the defendant to recover no-fault benefits for the treatment it rendered to Fallas for the 1987 accident. The defendant denied the claim asserting that the 1993 neck injury

did not arise from the 1987 automobile accident. The plaintiff moved for summary judgment contending that the defendant's denial of the claim was untimely and, therefore, the defendant was precluded from defending the action. The Supreme Court denied the motion. We now affirm.

Although the parties have presented various contentions concerning the timeliness of the defendant's denial of the plaintiff's claim, this issue need not be resolved for the purposes of this appeal. Where, as here, the defense is that coverage does not exist under the policy at issue, an insurance company is not precluded from defending a claim on the merits due to a failure to issue a timely disclaimer of coverage *(see, Zappone v Home Ins. Co.,* 55 NY2d 131; *Schiff Assocs. v Flack,* 51 NY2d 692; *Presbyterian Hosp. v Atlanta Cas. Co.,* 210 AD2d 210; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718; *Katz v Allstate Ins. Co.,* 96 AD2d 930; *Irving M. Etkind, M.D., P. C. v Allstate Ins. Co.,* 124 Misc 2d 779). Thus, the plaintiff's motion for summary judgment was properly denied. Thompson, J. P., Ritter, Joy and Florio, JJ., concur.