■ MICHAEL HEBERT et al., Plaintiffs, v STALTAC ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. STALLER ASSOCIATES, INC., Third-Party Defendant-

Respondent. [647 NYS2d 858] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered April 5, 1995, as granted the motion of the third-party defendant, Staller Associates, Inc., for summary judgment dismissing the third-party complaint.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appellants and their managing agent, Staller Associates, Inc. (hereinafter Staller), were named insureds on a liability policy obtained by Staller from Home Insurance Company (hereinafter Home). The appellants commenced a third-party action against Staller for indemnification and contribution after they were sued for injuries sustained by the plaintiff Michael Hebert, a Staller employee, when he fell from the roof of a building owned by the appellant Staltac Associates. The Supreme Court granted Staller's motion to dismiss the third-party complaint, concluding that Home was estopped from denying coverage for Staller based on an employee bodily injury exclusion in the policy because of its failure to issue a disclaimer pursuant to Insurance Law § 3420 (d). We agree.

The failure to issue a disclaimer estops an insurance carrier from disclaiming coverage based on a policy exclusion (see, Hanover Ins. Co. v Suffolk Overhead Door Co., 207 AD2d 428; Osohowsky v Romaniello, 201 AD2d 473; U.S. Liab. Ins. Co. v Staten Is. Hosp., 162 AD2d 445). Because Home never issued a disclaimer, it is estopped from denying coverage. Since the appellants and Staller are named insureds on the Home policy, the antisubrogation rule applies and the court properly dismissed the third-party complaint (see, North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281). Mangano, P. J., Sullivan, Altman and Hart, JJ., concur.