■ HAMID MEHMEDAGIC et al., Respondents, v NEW YORK UNIVERSITY MEDICAL CENTER, Respondent. NEW YORK UNIVERSITY, Sued Herein as NEW YORK UNIVERSITY MEDICAL CENTER, Third-Party Plaintiff-Respondent-Appellant, v ERECTRA CONSTRUCTION CORP., Third-Party Defendant, and LIBERTY MUTUAL INSURANCE GROUP, Third-Party Defendant-Appellant-Respondent. [675 NYS2d 80] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about April 2, 1997, which, to the extent appealed from, as limited by the briefs, granted the motion of defendant third-party plaintiff New York University Medical Center (NYU) for summary judgment as against third-party defendant Liberty Mutual Insurance Group (Liberty Mutual) and directed Liberty Mutual to defend NYU in the main action, unanimously affirmed, with costs payable to NYU by Liberty Mutual.

The allegations of the personal injury complaint in the main action fall within the coverage of the subject policy of liability insurance issued by Liberty Mutual, and specifically within the coverage afforded by that policy to NYU as an additional insured, and give rise to an obligation on the part of Liberty Mutual to defend NYU in the main action (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175). Even if we were to agree with Liberty Mutual as to the applicability of the exclusion in the additional insured endorsement for injuries "arising out of any act or omission of the additional insured[s] or any of their employees, other than the general supervision of work performed for the additional insured by [the contractor]", and we do not (*Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d 83; *Lim v Atlas-Gem Erectors Co.*, 225 AD2d 304; *Tishman Constr. Corp. v CNA Ins. Co.*, 236 AD2d 211), Liberty Mutual would nonetheless be estopped from relying upon the exclusion for failure to disclaim within a reasonable time (*see, Hanover Ins. Co. v Suffolk Overhead Door Co.*, 207 AD2d 428, 430). As the motion court found, Liberty Mutual's notice of disclaimer, issued some 2½ years after NYU's demand, was unreasonably delayed as a matter of law (*see, Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028; *Consolidated Edison Co. v Hartford Ins. Co.*, 203 AD2d, *supra*, at 84-85). Concur—Rosenberger, J. P., Nardelli, Wallach and Saxe, JJ.