■ DIGBY HAMILTON et al., Plaintiffs, v CITY OF NEW YORK et al., Defendants, and SCHIAVONE CONSTRUCTION CO., INC., et al., Defendants and Third-Party Plaintiffs-Appellants. LESKAY CONSTRUCTION SERVICES, INC., Sued Herein as LESKAY CONSTRUCTION COMPANY, Third-Party Defendant-Respondent; EMPLOYEES INSURANCE OF WAUSAU, a Mutual Company, Third-Party Defendant-Appellant. [681 NYS2d 563] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs, Schiavone Construction Co., Inc., Petro Concrete Structures, Inc., Schiavone/Petro/Worth, a Joint Venture, and Worth Construction Co., and the second third-party defendant, Employers Insurance of Wausau, a Mutual Company, appeal from an order of the Supreme Court, Kings County (Levine, J.), dated September 16, 1997, which, *inter alia,* granted the motion of the third-party defendant second third-party plaintiff Leskay Construction Services, Inc., s/h/a Leskay Construction Company, for summary judgment dismissing the third-party complaint and in its favor on the second third-party complaint. The notice of appeal from a decision of the same court dated November 19, 1996, is deemed to be a notice of appeal from the order dated September 16, 1997 (*see,* CPLR 5520 [c]).

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in the second third-party action declaring that Employers Insurance of Wausau, a Mutual Company, is obligated to defend and indemnify Leskay Construction Company, the third-party defendant second third-party plaintiff, in the instant action.

The general liability policy issued by the second third-party defendant, Employers Insurance of Wausau, a Mutual Company (hereinafter Wausau), to the defendant third-party plaintiff Schiavone Construction Co., Inc. (hereinafter Schiavone) named the third-party defendant second third-party plaintiff Leskay Construction Services, Inc., sued here as Leskay Construction Company (hereinafter Leskay), as an additional insured. In this action to recover damages for, among other things, personal injuries sustained by an employee of

Leskay, Wausau has denied coverage of Leskay, based upon the employee bodily injury exclusion in the policy.

Wausau, which had defended Leskay and Schiavone in a separate personal injury action arising from the same incident, received timely notice of the incident as well as tender of the defense of Leskay in this action. However, Wausau did not disclaim coverage until almost seven years after being tendered Leskay's defense by another of Leskay's general liability insurers.

Where, as here, the policy would provide coverage but for a policy exclusion, the insurer must disclaim coverage, and the failure to do so in a reasonably timely manner estops the insurer from disclaiming coverage based on the exclusion (*see, Matter of Aetna Life & Cas. v Boucher,* 238 AD2d 414; *Hebert v Staltac Assocs.,* 231 AD2d 675; *Hanover Ins. Co. v Suffolk Overhead Door Co.,* 207 AD2d 428; Insurance Law § 3420 [d]).

Consequently, Wausau is estopped from denying coverage under the policy's employee exclusion and, since Leskay is a named insured on Wausau's policy, the anti-subrogation rule applies (*see, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465). The trial court properly dismissed the third-party complaint, which sought contribution from Leskay, and properly granted summary judgment to Leskay on its second third-party complaint, which sought a declaration that Wausau was obligated to defend and indemnify Leskay in the instant action.

The appellants' remaining contentions are without merit. Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.