■ SULGRAVE REALTY CORP. et al., Appellants, v LANDMARK INSURANCE COMPANY, Respondent, et al., Defendants. [720 NYS2d 185] —In an action for a judgment declaring that the defendant Landmark Insurance Company is obligated to defend and indemnify the plaintiffs in two actions pending in the Supreme Court, Rockland County, entitled *Luciano v 9-11 Park Parking Corp.,* Index No. 5241/94, and *Luciano v Ardmore,* Index No. 8411/92, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Bergerman, J.), dated September 22, 1999, which, *inter alia,* granted the motion of the defendant Landmark Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, entered November 15, 1999, which, in effect, dismissed the complaint insofar as asserted against the defendant Landmark Insurance Company and declared that the defendant Landmark Insurance Company was not obligated to defend and indemnify the plaintiffs in the underlying actions. The notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The defendant Landmark Insurance Company (hereinafter Landmark) established its entitlement to judgment as a matter of law, and the plaintiffs failed to raise an issue of fact

requiring a trial. The insurance policy at issue, read in conjunction with the accompanying endorsements, did not contain conflicting notification provisions (*see, County of Columbia v Continental Ins.,* 83 NY2d 618; *Aguirre v City of New York,* 214 AD2d 692). In addition, no agency relationship existed between Landmark and the claim adjustment service. Therefore, notice to the claim adjustment service alone did not satisfy the notification provisions of the policy (*see, Hallock v State of New York,* 64 NY2d 224; *Osohowsky v Romaniello,* 201 AD2d 473).

The plaintiffs' remaining contention is without merit. Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.